IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02403-PAB-TPO

ANTHONY HUGGINS,

    Plaintiff,

v.

CHRISTOPHER BUCHANNAN,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiff Anthony Huggins's Notice of Retaliation and Request for Couurt [sic] Order to Cease Retaliation [Docket No. 29] and Motion for Emergency Injunctive Relief [Docket No. 33]. Defendant Christopher Buchannan, a physician who provided contract medical care to inmates at Colorado Territorial Correctional Facility, responded to the "Notice of Retaliation" with a "Notice of Non-Response." Docket No. 32.[1] Dr. Buchannan responded to the motion for injunctive relief. Docket No. 37. Mr. Huggins did not file a reply. Mr. Huggins filed a "Supplement to Injunctive Relief," Docket No. 44, after the filing of Dr. Buchannan's response. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] In the "Notice of Non-Response," Dr. Buchanan states that, "to the extent that the Court construes Huggins' Notice as an attempt at amending his claims, Defendant Buchannan requests that the Court deny any such request" and that, "to the extent that Huggins intends to put this Court and Defendant Buchannan on notice of a future intent to amend, Defendant Buchannan does not intend to respond." Docket No. 32 at 4, ¶ 14.

## I. BACKGROUND

Mr. Huggins, a prisoner at Colorado Territorial Correctional Facility in the custody of the Colorado Department of Corrections ("CDOC"), filed his complaint on August 29, 2024.  Docket No. 2.  On September 17, 2024, Magistrate Judge Richard Gurley identified several issues in the initial complaint and directed Mr. Huggins to file an amended complaint.  *See generally* Docket No. 6.  On October 15, 2024, Mr. Huggins filed his first amended complaint.  Docket No. 7.  On October 22, 2024, Judge Gurley identified several issues with the first amended complaint and directed Mr. Huggins to file a second amended complaint.  *See generally* Docket No. 8.  On November 20, 2024, Mr. Huggins filed a second amended complaint.  Docket No. 9.

The second amended complaint names two defendants: Dr. Buchannan and Jane Gilden.  *Id.* at 2.  The complaint alleges that Dr. Bucchannan is a doctor who provides, pursuant to a contract with CDOC, medical care to inmates at Colorado Territorial Correctional Facility.  *Id.*  Jane Gilden is a nurse practitioner who similarly provides medical care to Colorado Territorial Correctional Facility inmates pursuant to a contract.  *Id.*  The complaint alleges a single claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  *Id.* at 3.  In the complaint, Mr. Huggins identifies two medical issues to which he asserts the defendants have been deliberately indifferent.  *See generally id.* at 4-7, 10-11.  First, Mr. Huggins alleged that a tuberculosis shot he received in 2015 resulted in nerve damage and a cyst, that he experiences constant itching and drainage from the cyst, and that the cyst has not been properly treated.  *See, e.g.*, *id.* at 4, ¶¶ 3-4.  Second, Mr. Huggins alleges that he had a knee replacement surgery in 2019 and that he has not received the pain medications

2

and follow-up care required for his knee.  *See, e.g.*, *id.* at 4-5, ¶¶ 5-6.  Mr. Huggins alleged that Dr. Buchannan ignored recommendations and prescriptions from outside medical specialists and has refused to treat Mr. Huggins's conditions.  *Id.* at 4-7, ¶¶ 3-10, 12-13, 17, 19.

On November 27, 2024, Judge Gurley found that the complaint failed "to provide a short and plain statement of his Eighth Amendment claim that demonstrates he is entitled to relief against Nurse Practitioner Gilden" and recommended that the claim against Nurse Practitioner Gilden be dismissed.  Docket No. 12 at 6.  No party objected to the recommendation.  On December 20, 2024, Senior Judge Lewis Babcock accepted the recommendation and dismissed Nurse Practitioner Gilden.  Docket No. 13 at 1-2.  The case was then reassigned to the undersigned.  Docket No. 14.

On June 30, 2025, the Court received a filing from Mr. Huggins entitled "Notice of Retaliation and Request for Couurt [sic] Order to Cease Retaliation."  Docket No. 29.  The notice was postmarked June 26, 2025.  *Id.* at 8.  The notice "asks for the Courts [sic] active protection from retaliatory conduct."  *Id.* at 1.  The notice explains that Mr. Huggins had a wheelchair assigned to him, but that Nurse Practitioner Gilden directed that the wheelchair be taken away from him and that Mr. Huggins instead use a walking cane for his mobility issues.  *Id.*  Mr. Huggins appears to allege various claims under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.  *See id.* at 3-6.  Mr. Huggins asks that the Court "order defendant to return the wheelchair and stop retaliating on plaintiff for filing his 1983 lawsuit."  *Id.* at 6.

On July 17, 2025, the Court received Mr. Huggins's motion seeking a preliminary injunction.  *See* Docket No. 33.  The motion was postmarked July 15, 2025.  On the first

3

page of the motion, Mr. Huggins "asks the Court to dismiss the retaliation part of his lawsuit by granting the relief of ordering defendant to return his wheelchair." *Id.* at 1. On the third page of the motion, Mr. Huggins requests that the Court grant a "preliminary injunction requiring defendant Gilden to return wheelchair." *Id.* at 3. Mr. Huggins then asserts that he has been prescribed a wheelchair by a doctor and that without a wheelchair he faces the risk of falling and injuring himself. *Id.* at 3-4. The motion itself provides no further details regarding the wheelchair, but Mr. Huggins attaches a copy of a CDOC grievance form which contains both the grievance Mr. Huggins filed with CDOC and a CDOC official's response. *Id.* at 2. From the grievance form, the Court understands that Mr. Huggins was assigned a wheelchair, but, after officials saw Mr. Huggins running up a set of stairs, they took his wheelchair away. *Id.*

On July 17, 2025, the same day that the Court received the motion for a preliminary injunction, Mr. Huggins appeared before Magistrate Judge Timothy P. O'Hara for a status conference in this case. Docket No. 34 at 1. Judge O'Hara addressed the "Notice of Retaliation and Request for Couurt [sic] Order to Cease Retaliation" and explained to Mr. Huggins that the issues raised in that filing did not appear to relate to the claims in the operative complaint and were thus not appropriately before the Court. *Id.* Judge O'Hara explained that, in order to raise the issues regarding the wheelchair, Mr. Huggins would need either to file a new complaint or seek leave to amend his complaint. *Id.* at 1-2. Mr. Huggins indicated he understood

4

Judge O'Hara's explanation.[2]  Mr. Huggins did not mention to Judge O'Hara that he had filed a motion for a preliminary injunction regarding the issue of wheelchair access.[3]

On September 5, 2025, Mr. Huggins filed a "supplement" to his request for injunctive relief.  Docket No. 44.  The supplement, which is four sentences long, states that "[p]laintiff's enlarged heart condition requires the prescription not to be overruled by defendant."  *Id.* at 1.  Mr. Huggins lists several medical symptoms he is experiencing and states that he has been prescribed three medications, but that "defendant overrules these prescriptions and this puts Plaintiff life at serious risk of harm."  *Id.*  Mr. Huggins requests that the Court "consider this in its ruling for injunctive relief."  *Id.*

### III.  ANALYSIS

Mr. Huggins's motion requests that the Court issue a preliminary injunction requiring Nurse Practitioner Gilden to assign Mr. Huggins a wheelchair.  Docket No. 33 at 3.  The motion does not mention Dr. Buchanan.  Nurse Practitioner Gilden is no longer a party to this case.  *See* Docket No. 13 at 2 ("Defendant Jane Gilden is dismissed as a party to this action.").  Federal Rule of Civil Procedure 65 grants courts the authority to issue preliminary injunctions and temporary restraining orders, but this authority does not typically extend to non-parties.  *See McKenzie v. City & Cnty. of Denver*, No. 21-cv-00833-PAB-STV, 2022 WL 22860719, at *1 (D. Colo. Nov. 28, 2022) (citing Fed. R. Civ. P. 65 (a)-(b), (d) and *Doctor's Associates, Inc. v. Qasim*, 225 F. 3d

---

[2] Mr. Huggins's acknowledgment is not reflected in the minutes from the hearing, Docket No. 34, but is audible in the recording of the hearing.

[3] Court records reflect that Mr. Huggins's motion for a preliminary injunction was not docketed until after the conclusion of the status conference.

645 (2d Cir. 2000)).  Thus, the Court will deny the request to enjoin Nurse Practitioner Gilden.

Moreover, the request involves relief that is outside the scope of the complaint. "A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (unpublished) (emphasis added) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).  Here, plaintiff requests relief based on unrelated acts not alleged in his complaint and, therefore, is not "of the same character" of the relief which his complaint seeks.  *See id.*  Mr. Huggins's complaint focuses on two medical issues: treatment for the cyst on his arm and treatment for his knee replacement.  *See generally* Docket No. 9 at 4-7, 10-11.  As Judge O'Hara explained to Mr. Huggins at the status conference, any grievance regarding wheelchair access is outside the scope of the operative complaint.  As a result, the relief requested in plaintiff's motion for preliminary injunction is "on [] matter[s] lying wholly outside the issues in [his] suit." *Hicks*, 332 F. App'x at 508 (quoting *De Beers*, 325 U.S. at 220). For this reason, too, plaintiff's motion will be denied.

The "Supplement to Injunctive Relief," to the extent it expands the scope of the motion, also fails.  The operative complaint makes no mention of Mr. Huggins having any heart condition or having his medications for that condition withheld.  Thus, this request improperly exceeds the scope of the second amended complaint.

Finally, the Court will deny the Notice of Retaliation, Docket No. 29, insofar as it can be construed as a motion requesting relief, for being unrelated to any matters raised in the operative complaint.

6

**V. CONCLUSION**

It is therefore

**ORDERED** that plaintiff's Notice of Retaliation and Request for Couurt [sic] Order to Cease Retaliation [Docket No. 29], construed as a motion requesting relief, is **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Emergency Injunctive Relief [Docket No. 33], as supplemented by Docket No. 44, is **DENIED**.

DATED January 22, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge