IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02403-PAB-TPO

ANTHONY HUGGINS,

    Plaintiff,

v.

CHRISTOPHER BUCHANNAN,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Timothy P. O'Hara, United States Magistrate Judge.**

Before the Court is Defendant Christopher Buchannan's Motion to Dismiss Amended Complaint [ECF 30].[1] Having reviewed Plaintiff's Second Amended Complaint ("SAC") [ECF 9], Defendant's Motion to Dismiss [ECF 30], Plaintiff's Response [ECF42], and Defendant's Reply [ECF 43], the Court determines that further briefing and oral argument would not materially assist in issuing this Recommendation. For the reasons stated herein, this Court **recommends** that the Motion to Dismiss [ECF 30] be **denied**.

## BACKGROUND

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is proceeding pro se. *See* ECF 9 at 2. Plaintiff initiated this suit against Dr. Christopher Buchannan and Nurse Practitioner Jane Gilden. After conducting an initial review of Plaintiff's pleadings and amendments, U.S. District Judge Lewis T. Babcock dismissed without

---

[1] The Motion was referred to the undersigned by Chief U.S. District Judge Philip A. Brimmer [ECF 31].

1

prejudice Plaintiff's claims against Nurse Practitioner Jane Gilden. *See* ECF 12 (Recommendation of U.S. Magistrate Judge Richard T. Gurley), *report and recommendation adopted by* ECF 13 (Order dismissing claims and drawing case). Plaintiff's remaining claim asserts that Defendant Buchannan,[2] a doctor who provided medical care to inmates at Colorado Territorial Correctional Facility ("CTCF"), violated the 8th Amendment by failing to provide adequate medical care to Plaintiff. *See* ECF 9 at 2.

Generally,[3] Plaintiff alleges that over an extended period, Defendant failed to provide follow-up care related to his various medical conditions, contradicting orders from outside medical providers. *Id.* ¶ 2. First, Plaintiff alleges he sustained nerve damage from a "forced T.B. shot in 2015," causing two separate surgeries to remove a cyst on his arm. *Id.* ¶ 3. Plaintiff has suffered lasting complications from these surgeries, namely that the cyst has been healing poorly, causing chronic itching and pain. *Id.* ¶ 3. Despite Plaintiff's complaints and requests for medical treatment, the SAC alleges that Defendant Buchannan has instructed the nurses "to stop treating it." *Id.* Plaintiff further alleges that Defendant has commented that Plaintiff is "just complaining for no reason or making up [his] pain and itching" and "refuses to see [Plaintiff] some times [sic]." *Id.* ¶ 4. Plaintiff also alleges he underwent a total knee replacement in 2019 and has been denied care following this procedure. *Id.* ¶ 5. Plaintiff provides few factual specifics, but at some point, after

---

[2] Plaintiff has asserted both individual and official capacity claims against Defendant. Defendant has not moved to dismiss the official capacity claim, and the Court does not consider it *sua sponte*.

[3] The Court takes the following facts from Plaintiff's SAC and presumes they are true for the purposes of this Recommendation. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)); *see also Boulter v. Noble Energy*, 521 F. Supp. 3d 1077, 1082 (D. Colo. 2021) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

his knee replacement, an outside medical provider "confirmed that [he] was in need of pain medications and other medications." *Id.*

In essence, Plaintiff pleads that Defendant has violated the 8th Amendment by intentionally refusing to provide treatment, including therapy and prescribed medications, which has caused Plaintiff pain and suffering. *See id.* ¶¶ 16-17. The SAC further asserts that Defendant's refusal to provide care, including the refusal of orders for medication and treatment, is even more egregious because it is contrary to recommendations of other medical professionals. *See id.* ¶¶ 19-22.

In an attached affidavit,[4] Plaintiff further develops his factual allegations. For the past two years, Plaintiff has been regularly scheduled for medical appointments. ECF 9 at 10. Plaintiff alleges that after every appointment, he is "supposed to have follow-up care," which Defendant inexplicably cancels.[5] *Id.* Plaintiff alleges that he now uses a wheelchair for mobility, and his knee-related follow-up care is needed to prevent swelling or infection. *Id.* Plaintiff alleges that his current medical issues have been caused by these refusals to provide postoperative follow-up care. *Id.* Plaintiff also reiterates that other doctors and specialists have ordered follow-up care, but Defendant consistently cancels the orders, refuses to see Plaintiff, and refuses to explain why. *Id.*

Plaintiff elaborates that his arm not only itches, but it swells. ECF 9 at 10. In addition to the consistent pain, Plaintiff explains that his wounds keep getting reinfected. *Id.* at 11. Despite receiving prescriptions to prevent infections and manage pain, Defendant denies Plaintiff the

---

[4] The Court considers Plaintiff's affidavit, ECF 9 at pp. 10-12, as a continuation of his factual allegations and incorporated into the SAC. Fed. R. Civ. P. 10(c); *see Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (citations omitted) (noting that written documents attached to a complaint are incorporated into the complaint).

[5] This point is unclear in Plaintiff's Complaint: for what purpose is Plaintiff having one to two medical appointments per month if not for follow-up care? But "[n]ot every fact must be described in specific detail" in order to survive a Fed. R. Civ. P. 12(b)(6) challenge. *Koetting v. Noble Cty Bd. of Cty Cm'rs*, 12 F. App'x 796, 798 (10th Cir. 2001) (unpublished).

prescribed medication. *Id.* Due to the strain on his immune system, Plaintiff is left "tired and weak." *Id.*

Instead of taking Plaintiff's concerns seriously, Plaintiff alleges that Defendant has stated to him, "If you're not dying, it's not that serious and there's nothing we can do for you." *Id.* In another instance, Defendant has stated, "Well, your [sic] dying, its [sic] a natural process, so, thers [sic] nothing we can do for you." *Id.* Defendant has also "threatened [Plaintiff] with being moved 'somewhere much worse' if [Plaintiff] keep[s] complaining." *Id.*

Defendant moved to dismiss the individual capacity claim, arguing: (1) Plaintiff fails to state an Eighth Amendment claim; and (2) qualified immunity applies. ECF 30 at 2.

## LEGAL STANDARDS

### I. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "'Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf.'" *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935

F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

    **II.**    **Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) motions "test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claims are plausible when the well-pleaded facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When considering a 12(b)(6) motion, a court must "presume[] all of plaintiff's factual allegations are true and construe[] them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109.

However, the court need not accept as true mere legal conclusions asserted with "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 555). The court "must determine

5

whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). If a plaintiff's factual allegations have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. A pro se plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Hall*, 935 F.2d at 1110 (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

## ANALYSIS

### I. Eighth Amendment

A prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment's prohibition of cruel and unusual punishment. U.S. Const. amend. VIII. "'Deliberate indifference' involves both an objective and subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

The objective component requires that the alleged medical need be "sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (quotations and citation omitted). "Where the necessity of treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim." *Mata*, 427 F.3d at 751 (citing *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)). The objective prong's purpose "is to limit claims to significant, as opposed to trivial, suffering." *Id.* at 753.

6

Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the subjective component probes the prison official's "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quotations and citations omitted). Merely alleging negligence or medical malpractice does not amount to an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Instead, this subjective requirement is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837). "A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001).

Defendant argues the FAC should be dismissed because it fails to sufficiently plead an Eighth Amendment claim in both regards—objective and subjective. *See* ECF 30 at 3.

*A. Objective*

Defendant first argues that Plaintiff fails to satisfy the objective component and alleges only trivial suffering. *See* ECF 30 at 5. Defendant further contends that Plaintiff "does not plead facts demonstrating that he is *currently* undergoing a sufficiently serious medical need." *Id.* The Court is not persuaded by Defendant's reading of the SAC.

First, Plaintiff alleges a number of medical issues in the SAC, including "constant itching and drainage" from a surgical injury, pain following a total knee replacement, and nerve damage following an injection. ECF 9 ¶¶ 3-5. Plaintiff has clearly alleged that his conditions are sufficiently serious because they have been "diagnosed by a physician mandating treatment." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). Plaintiff unambiguously pleads that doctors and specialists have recommended or prescribed medically necessary treatment. *See* ECF 9 ¶¶ 3-4; 7-8; 12; 17; 21; p. 10. Plaintiff attends

7

monthly or biweekly medical appointments, and medical providers have ordered follow-up care after every visit. *Id.* at p. 10. Plaintiff also alleges he is prescribed medications to treat these issues. *Id.*; *see also* ECF 9 ¶ 5. Because Plaintiff has demonstrated that medical professionals have diagnosed his conditions and recommended an appropriate course of follow-up treatment, Plaintiff has pleaded a sufficiently serious medical need. *See Gray v. Geo Group, Inc.*, 727 F. App'x 940, 945 (10th Cir. 2018) (unpublished) (significant chronic pain as a result of delayed medical treatment satisfied the objective component); *Hibbs v. Mercer*, No. 21-cv-00166-RMR-NRN, 2022 WL 17404256, at **4-5 (D. Colo. Dec. 2, 2022) (finding complaints of abdominal pain sufficiently serious medical need when plaintiff had previously been hospitalized and provided a follow-up treatment plan); *Ferguson v. Bd. of Cnty. Commissioners of Sierra Cnty.*, No. CV 11-1001 WPL/CG, 2013 WL 12334214, at *10 (D.N.M. Apr. 2, 2013) (inferring a medical condition mandating treatment based on prescribed medication despite uncertainty on the type and reason for prescription); *Campbell v. Monday*, No. CIV-22-399-R, 2023 WL 7553569, at *2 (citing *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)) (finding that a defendant's failure to provide adequate treatment for a previously diagnosed condition requiring such treatment which resulted in "excruciating pain" was sufficiently pled under the objective standard).

In addition, when looking at the allegations in the SAC as true and in the light most favorable to the Plaintiff, his complaints appear to be more than mere "trivial suffering," and the need for treatment would be obvious to a lay person. Regarding the cyst/nerve damage, Plaintiff alleges he endures ongoing "constant inching [sic] and drainage from [his] cyst" due to a failure to heal. ECF 9 ¶ 3. From this condition, Plaintiff also alleges pain and suffering, *id.* ¶¶ 5; 12, and sleep deprivation. *Id.* ¶ 9. Concerning Plaintiff's pain following total knee replacement in 2019, the SAC alleges that his knee injury has worsened, impairing his ability to walk unassisted. *Id.* at

8

10. Due to the frequent infections, Plaintiff experiences tiredness and weakness from a compromised immune system. *Id.* Taken together, Plaintiff's allegations of chronic ongoing pain and infections, including permanent physical impairment, are obvious to a lay person as requiring medical care. As a result, Plaintiff has alleged a sufficiently serious injury to state an 8th Amendment claim. *See Miller v. Glanz*, 948 F.2d 1562, 1570 (10th Cir. 1991) (noting severe pain or lasting injury can sustain an 8th Amendment claim); *see, e.g.*, *Crow v. Quarles*, No. 20-cv-01242-MEH, 2021 WL 2444257, at *4 (D. Colo. Jan 21, 2021) (assuming obvious infection signs such as drainage, fever, and swollen glands stated a sufficiently serious medical need).

  B. *Subjective*

As to the subjective prong, Defendant argues that Plaintiff has failed to plead sufficient facts "that would demonstrate that Buchanan [sic] intended to disregard an excessive risk to [Plaintiff's] health or safety." ECF 30 at 6. For the cyst removal injury, Defendant suggests that the SAC demonstrates Defendant's honest and good faith belief that Plaintiff "is falsifying his reports of ongoing pain," which Defendant construes as a valid reason for denying Plaintiff medical care. *See* ECF 30 at 6. As it relates to the knee replacement, Defendant similarly asks the Court to draw inferences in his favor to presume that Defendant has appropriately exercised his medical judgment. *Id.* at 7. Defendant further suggests that the risk of addiction and selling pain medications to other inmates justifies the denial of pain medication. *Id.*

  The Court finds that Plaintiff has sufficiently pleaded the subjective prong. At the outset, it is important to remember that at this stage, the Court is to consider the well-pled factual allegations as true and in a light most favorable to Plaintiff. *Hall*, 935 F.2d at 1109. Here, Plaintiff pleads that Defendant has repeatedly cancelled follow-up care recommended by other physicians, establishing actual knowledge of a physician mandated treatment plan. ECF 9 ¶¶ 5-7, 13-14.

9

Plaintiff further alleges that Defendant has instructed nurses at his facility not to accept his requests for medical appointments, also demonstrating Defendant's awareness of Plaintiff's repeated requests for recommended care. ECF 9 at 10. And despite Defendant's awareness of these facts, Defendant has made remarks trivializing Plaintiff's complaints of pain and has refused to provide *any* treatment or prescribed medications. *See id.* ¶ 4. Defendant contends that Plaintiff expresses disagreement in treatment, but what Plaintiff alleges is a complete, intentional denial of follow-up care. *See Hunt*, 199 F.3d 1220, 1223-24 (allegations that prison official denied insulin, medically recommended procedures, proper diagnosis or treatment, special diets, and prescribed medications were not merely disagreement with medical treatment).

Defendant cites four cases in support, none of which are persuasive or on point. In three[6] of these cases, the disagreement with treatment was supported by evidence or allegations that the plaintiff received a different medication or course of treatment than requested. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999); and *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). In contrast, the SAC alleges Defendant's treatment plan is "to do nothing." *See* ECF 9 ¶ 12. In the fourth case, *Oxendine v. Kaplan*, the district court's dismissal of plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) was reversed, with the Tenth Circuit noting that that the plaintiff had sufficiently "alleged facts supporting an inference that [defendant] knew about and disregarded a substantial risk to Oxendine's health." 241 F.3d 1272, 1278-79 (10th Cir. 2001). As a result, Plaintiff plainly alleges that Defendant has refused him treatment and, at worst, has made conscious efforts to interfere with Plaintiff's medically necessary treatment.

---

[6] Defendant cites to *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001), but the referenced section details the applicable law and does not pertain to the substantive analysis.

Because Plaintiff's conditions have already been diagnosed by physicians and specialists, Defendant's denial of follow-up care and prescribed medications is not merely an inadvertent failure but rises to unnecessary and wanton infliction of pain sufficient to state a plausible Eighth Amendment claim. *See Denison v. Colo. Dep't of Corr.*, No. 06-cv-02385-REB-KLM, 2008 WL 732592, at *9 (D. Colo. Mar. 18, 2008) (finding deliberate indifference from prison official's refusal to refill pain prescription, provide a referral, and failure to ensure plaintiff received proper follow-up treatment); *Van Riper v. Wexford Health Sources, Inc.*, 67 F. App'x 501, 504 (10th Cir. May 19, 2003) (unpublished) (finding repeated denial of prescriptions to be deliberate indifference); *Hibbs*, 2022 WL 17404256, at *5 (subjective component sufficiently pleaded when defendants knew of prior medical emergency and the medically prescribed treatment but prevented plaintiff from returning to hospital).

## II.  Qualified Immunity

Defendant's final basis for dismissal is an assertion of qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Grisson v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018) (citing *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quotation marks omitted)). Qualified immunity is not merely a defense, but an immunity from suit. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations and quotation marks omitted).

Defendant's assertion of qualified immunity consists of a single paragraph, which entirely rests on the earlier arguments for dismissal under Fed. R. Civ. P. 12(b)(6). ECF 30 at 8-9.

11

Defendant has not adequately presented the defense because he has only raised it without "plead[ing] the defense beyond a perfunctory assertion." *Berryman v. Niceta*, 143 F.4th 1134, 1141 (10th Cir. 2025) (citations and internal quotations omitted).[7] As the Tenth Circuit has recently clarified, "a defendant may not merely rely on substantive legal arguments based on the Rule 12(b)(6) failure-to-state-a-claim standard" to seek dismissal on the grounds of qualified immunity. *Id.* (first citing *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020) (unpublished); and then citing *Montoya v. Vigil*, 898 F.3d 1056, 1064-65 (10th Cir. 2018)). Because Defendant only presents a cursory argument on this issue and has not engaged in any substantive legal analysis to support his assertion of qualified immunity, similar to the defendant in *Berryman*, the Court finds that this argument has not been adequately raised and need not be considered at this time.

## CONCLUSION

For the reasons set forth above, the Court respectfully **RECOMMENDS**[8] that Defendant's Motion to Dismiss [ECF 9] be **DENIED**.

---

[7] The Court notes that *Berryman* was decided on July 8, 2025, one day after Defendant's Motion to Dismiss was filed.

[8] All parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

DATED at Denver, Colorado, this 10th day of February, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge